**EXHIBIT "B"**

**CIPRIANI & WERNER, P.C.**
By: Grant C. Wright, Esquire (Attorney ID# 020342008)
155 Gaither Drive, Suite B
Mt. Laurel, NJ 08054
(856) 761-3800 (phone)
*Attorney for Defendants, Trucking by Faith, LLC and Lonnie Johnson*

| | |
|---|---|
| BELA LOWY,<br><br>        Plaintiff,<br><br>vs.<br><br>LONNIE JOHNSON and TRUCKING BY<br>FAITH, LLC,<br><br>        Defendants. | SUPERIOR COURT OF NEW JERSEY<br>UNION COUNTY<br>LAW DIVISION<br><br>DOCKET NO.: UNN-L-002463-21<br><br>CIVIL ACTION<br><br>**MOTION TO QUASH SERVICE UPON<br>DEFENDANTS** |

**TO:**    Kevin J. Ryan, Esq.
SCHWARTZ GOLDSTONE & CAMPISI, LLP
90 Broad Street, Suite 403
New York, NY 10004
*Attorneys for Plaintiff*

**PLEASE TAKE NOTICE** that on Friday, November 5, 2021, at nine o'clock in the

forenoon, or as soon thereafter as counsel may be heard, the undersigned will apply to the New

Jersey Superior Court, Law Division, Union County, 2 Broad Street, Elizabeth, New Jersey, for

an Order Quashing Service as to Defendants, Lonnie Johnson and Trucking by Faith, LLC.

In support of this motion, the undersigned will rely upon the attached Certification of

Counsel and all exhibits attached thereto.

If timely opposition is raised, oral argument is requested.

A proposed form of Order is attached.

                                        **CIPRIANI & WERNER, P.C.**


                          BY:     *Grant C. Wright*
Dated: October 8, 2021                    GRANT C. WRIGHT, ESQUIRE

**CIPRIANI & WERNER, P.C.**
By: Grant C. Wright, Esquire (Attorney ID# 020342008)
155 Gaither Drive, Suite B
Mt. Laurel, NJ 08054
(856) 761-3800 (phone)
*Attorney for Defendants, Trucking by Faith, LLC and Lonnie Johnson*

| | |
|---|---|
| BELA LOWY,<br><br>                      Plaintiff,<br>   vs.<br><br>LONNIE JOHNSON and TRUCKING BY FAITH, LLC,<br><br>                   Defendants. | SUPERIOR COURT OF NEW JERSEY<br>UNION COUNTY<br>LAW DIVISION<br><br>DOCKET NO.: UNN-L-002463-21<br><br>CIVIL ACTION<br><br>**CERTIFICATION OF COUNSEL IN SUPPORT OF MOTION TO QUASH SERVICE ON DEFENDANTS** |

      I, Grant C. Wright, an adult of full age and mental capacity, do hereby certify and state:

      1.      I am an attorney duly licensed to practice law in the State of New Jersey, and am a partner with the law firm of Cipriani & Werner, P.C. In that capacity I am one of the attorneys responsible for representing the interests of Defendants, Lonnie Johnson and Trucking by Faith, LLC, (hereinafter "Moving Defendants") in this litigation, provided that proper service of process exists.

      2.      I am fully familiar with the underlying facts of this litigation, and make this Certification in support of Moving Defendants' Motion to Quash Service.

      3.      This motion shall not constitute a general appearance pursuant to Rule 4:4-6. This is a special appearance for the sole purposes of challenging service of process.

      4.      This matter arises out of a motor vehicle accident that allegedly occurred on April 26, 2021.

5.      On July 15, 2021, Plaintiff filed a Complaint alleging claims against Moving Defendants and others. See Complaint, attached hereto as **Exhibit A**.

6.      On September 9, 2021, counsel for Plaintiff filed a Certification of Service as to Defendant, Lonnie Johnson. See Certification of Service, attached hereto as **Exhibit B**.

7.      No affidavit or certification of service as to Defendant, Trucking by Faith, LLC has been filed.

8.      At all times relevant to this litigation, Defendant, Trucking by Faith, LLC. was and is a foreign corporation with its primary place of business situated in Jacksonville, Florida.

9.      As Defendant, ZNS Cargo, Inc., was not a corporate entity incorporated under the laws of the State of New Jersey, the law dictates that service upon such situated defendants must made upon and through the Director of the Division of Motor Vehicles. See N.J.S.A. 39:7-2(b).

10.      At all times relevant to this litigation, Defendant, Lonnie Johnson, was and is a resident and citizen of, and made his domicile and primary place of residence in, the State of Florida.

11.      As Defendant, Lonnie Johnson, was a non-resident of the State of New Jersey, the law dictates that service upon such situated defendants must made upon and through the Director of the Division of Motor Vehicles. See N.J.S.A. 39:7-2(b).

12.      The appointment of the Director of the Division of Motor Vehicles as agent for service of process is "irrevocable." See N.J.S.A. 39:7-2. Thus, the statute makes no provision of substituted service of such situated defendants in litigation arising out of motor vehicle accidents occurring within the State of New Jersey unless leave for same is granted by the courts.

13.      Despite having the opportunity to employ due diligence in obtaining documents, Plaintiff chose to ignore the statutory requirements for service on Defendant, Lonnie Johnson.

14.    The means which Plaintiff chose to serve Defendant, Lonnie Johnson, with the Summons and Complaint were not those mandated by the Legislature and upheld by the courts of this State. Thus, service of Defendant, Lonnie Johnson, and any like service attempted but not yet recorded as to Defendant, Trucking by Faith, LLC, must be deemed improper and quashed.

15.    The courts have made clear that "[t]he requirements of the rules with respect to service of process go to the jurisdiction of the court and must be strictly complied with. **Any defects . . . are fatal and leave the court without jurisdiction and its judgment void.**" See *Berger v. Paterson Veterans Taxi Serv.*, 244 N.J.Super. 200, 204 (App.Div.1990) (quoting *Driscoll v. Burlington-Bristol Bridge Co.*, 8 N.J. 433, 493, *cert. denied*, 344 U.S. 838, 73 S. Ct. 25, 97 L. Ed. 652 (1952)).

16.    It is clear that Plaintiff's attempted service on Moving Defendants is fatally defective. As a result, Moving Defendants respectfully contend that this Court does not have jurisdiction over them at this time. Thus, Plaintiff's attempted service on Moving Defendants was improper and must be quashed.

17.    Again, this motion is expressly and specifically filed as a special appearance in order to challenge service of process. The undersigned reiterates that this motion does not constitute a general appearance pursuant to Rule 4:4-6. See *Zon. Bd. Of Adj. v. Service Electric Cable TV*, 198 N.J.Super 370 (App.Div.1985).

18.    All documents attached hereto are true and accurate copies of those documents they purport to represent.

I hereby certify that the foregoing statements made by me are true to the best of my knowledge.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**CIPRIANI & WERNER**

BY:  *Grant C. Wright*

GRANT C. WRIGHT, ESQUIRE
*Attorneys for Defendants,*
*Lonnie Johnson and Trucking by Faith, LLC*

Dated: October 8, 2021

# **EXHIBIT A**

SCHWARTZ GOLDSTONE & CAMPISI, LLP
Attorneys for Plaintiff
NJ Attorney ID Number: 171252015
90 Broad Street, Suite 403
New York, New York 10004
212-962-2800

------------------------------------------------------------------X

BELA LOWY,

                                    Plaintiff,

              -against-

LONNIE JOHNSON AND TRUCKING BY FAITH LLC,

                                    Defendants.

------------------------------------------------------------------X

SUPERIOR COURT OF
NEW JERSEY
LAW DIVISION-
UNION COUNTY

Docket Number:_____

**CIVIL ACTION
COMPLAINT, JURY
DEMAND AND
DESIGNATION OF TRIAL
COUNSEL**

Plaintiff, **BELA LOWY**, by way of Complaint against the Defendants, **LONNIE JOHNSON and TRUCKING BY FAITH LLC**, hereby alleges and state:

### FIRST COUNT

1.      At all times relevant to the matters set forth herein, Plaintiff **BELA LOWY** resides at 715 Harris Avenue, Staten Island, New York 10314.

2.      At all times relevant to the matters set forth herein, Defendant **LONNIE JOHNSON** resides at 4380 Charter Point Boulevard Jacksonville, Florida 32277.

3.      At all times herein mentioned, Defendant, **TRUCKING BY FAITH, LLC,** was and still is a corporation.

4.      At all times herein mentioned Defendant, **TRUCKING BY FAITH LLC,** was and still is a domestic for-profit corporation duly organized under the law of the State of Florida.

5.      At all times herein mentioned Defendant, **TRUCKING BY FAITH LLC,** was and still is a for-profit corporation duly authorization to do business in the State of New Jersey.

6.      That on or about April 26, 2021, and at all times herein mentioned, Defendant

**LONNIE JOHNSON** operated a 2016 box truck bearing Florida license plate number CIDH51.

7.      That on or about April 26, 2021, and at all times herein mentioned, Defendant **TRUCKING BY FAITH LLC** owned the aforementioned motor vehicle.

8.      That on or about April 26, 2021, and at all times herein mentioned, Defendant **TRUCKING BY FAITH, LLC** controlled the aforementioned motor vehicle.

9.      That on or about April 26, 2021, and at all times herein mentioned, Defendant **LONNIE JOHNSON** controlled the aforementioned motor vehicle.

10.     That on or about April 26, 2021, and at all times herein mentioned, Defendant **TRUCKING BY FAITH LLC** maintained the aforementioned motor vehicle.

11.     That on or about April 26, 2021, and at all times herein mentioned, Defendant **LONNIE JOHNSON** maintained the aforementioned motor vehicle.

12.     That on or about April 26, 2021, and at all times herein mentioned, Defendant **TRUCKING BY FAITH LLC** repaired the aforementioned motor vehicle.

13.     That on or about April 26, 2021, and at all times herein mentioned, Defendant **LONNIE JOHNSON** repaired the aforementioned motor vehicle

14.     That on or about April 26, 2021, and at all times herein mentioned, Defendant **LONNIE JOHNSON** operated the aforementioned motor vehicle with the permission and consent of its owner.

15.     That on or about April 26, 2021, and at all times herein mentioned, Defendant **LONNIE JOHNSON** operated the aforementioned motor vehicle in the course and scope of his employment with **TRUCKING BY FAITH LLC.**

16.     That on or about April 26, 2021, and at all times herein mentioned, US Route 1 at its intersection with S Park Avenue, in the County of Union, State of New Jersey, was a public roadway and/or thoroughfare for the use of motor vehicles, was and remain a much-traveled public highway

in common use by the citizens of the State of New Jersey and others.

17.   That on or about April 26, 2021, and at all times herein mentioned, Defendant

**LONNIE JOHNSON** was operating the aforementioned motor vehicles at or near the aforesaid

location.

18.   That on or about April 26, 2021, and at all times herein mentioned, Plaintiff

**BELA LOWY** was lawfully operating a 2004 motor vehicle bearing New York State license

plate number DBH9079 at or near the aforesaid location.

19.   At the aforesaid date and location, Defendants' motor vehicles came into contact

and/or collision with the motor vehicle operated by Plaintiff, BELA LOWY.

20.   That on or about April 26, 2021, Defendants operated their motor vehicles in

complete disregard of others and was otherwise careless and inattentive in that they failed to

maintain a proper lookout; they failed to make reasonable observations; they failed to obey failed

lane markers and center line demarcation; they were traveling at an excessive rate of speed; they

were inattentive; they were traveling too close; they failed to keep safe distance between motor

vehicles; they failed to failed to make use of a horn or warning mechanism; they failed to

maintain control of their vehicle; they failed to bring their vehicle to a stop before striking

another vehicle; failed to bring their vehicle to a stop before striking the Plaintiff's vehicle; and

were otherwise negligent, reckless and careless, in failing to take those reasonable and safe

precautions to avoid the occurrence and causing their vehicle to collide with the Plaintiff's

vehicle.

21.   As a direct and proximate result of Defendants' carelessness and negligence,

Plaintiff was caused to sustain severe, painful, and permanent injuries to his body, which injuries

necessitated medical treatment; he was compelled and shall in the future be compelled to expend

large sums of money for medical care and attention, as well as endure great physical and

emotional pain and suffering; he is prevented from pursuing and enjoying his usual activities; attending to his chores; from assuming employment and his earnings power has been materially and adversely affected; and was otherwise damaged.

**WHEREFORE**, Plaintiff demands Judgment against the Defendants, for damages together with interest, cost of suit, attorneys' fee and such other relief as the Court may deem equitable and just.

<u>**SECOND COUNT**</u>

25.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the First Count and incorporates same herein as if set forth at length.

26.     The acts and omissions of Defendants constitute a statutory tort, including, but not limited to, a violation of <u>N.J.S.A</u>, 39:4-105, 39: 4-90, 39:4-97, 39:3-44, 39:4-81, 39:4-98, 39:4-144, 39:4-215, 39:8-1, 39:8-4.

27.     Defendants' violation of the statutory imposed duty constituted negligence and/or evidence of negligence.

**WHEREFORE**, Plaintiff demands Judgment against Defendants for damages together with interest, cost of suit, attorney's fee, and such other relief, as the Court may deem equitable and just.

<u>**JURY DEMAND**</u>

Plaintiff hereby demands a trial by jury on all of the triable issues of this Complaint, pursuant to Rule 1:8-2(b) and Rule 4:35-1(a).

KEVIN J. RYAN, ESQ.

Dated: June 23, 2012

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, KEVIN J. RYAN, ESQ., is hereby designated as trial counsel for the plaintiffs in the above matter.

KEVIN J. RYAN, ESQ.

Dated: June 23, 2021

## CERTIFICATION OF NON-PENDENCY

Pursuant to Rule 4:5-1, I hereby certify that to the best of my knowledge, the above captioned matter is not the subject of any other pending action in any Court or of a pending arbitration proceeding. I hereby certify that no other action or arbitration is being contemplated by plaintiff. Other than the parties set forth in this pleading, I know no other parties that should be joined in the above action.

KEVIN J. RYAN, ESQ.

Dated: June 23, 2021

## DEMAND FOR ANSWERS TO UNIFORM INTERROGATORIES

The Plaintiff hereby demands of Defendant certified answers to Uniform Interrogatories Form C and C(1) within the time prescribed by the Rules of this Court.

KEVIN J. RYAN, ESQ.

Dated: June 23, 2021

# Civil Case Information Statement

## Case Details: UNION | Civil Part Docket# L-002463-21

**Case Caption:** LOWY BELA  VS JOHNSON LONNIE

**Case Initiation Date:** 07/15/2021

**Attorney Name:** HERBERT RODRIGUEZ JR

**Firm Name:** SCHWARTZ GOLDSTONE CAMPISI LLP

**Address:** 90 BROAD ST SUITE 403

NEW YORK NY 10004

**Phone:** 2129622800

**Name of Party:** PLAINTIFF : Lowy, Bela

**Name of Defendant's Primary Insurance Company**
**(if known):** None

**Case Type:** AUTO NEGLIGENCE-PERSONAL INJURY (NON-VERBAL THRESHOLD)

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 12 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Bela Lowy?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
#### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

07/15/2021
Dated

/s/ HERBERT RODRIGUEZ JR
Signed

**EXHIBIT B**

SUPERIOR COURT OF NEW JERSEY, COUNTY OF UNION

| | |
|---|---|
| **BELA LOWY** | Case No.:   **UNN-L-002463-21** |
| Plaintiff/Petitioner | |
| vs. | |
| **LONNIE JOHNSON, ET AL** | AFFIDAVIT OF SERVICE OF |
| Defendant/Respondent | **SUMMONS; COMPLAINT** |

Received by **David Braxton**, on the **30th day of July, 2021 at 9:07 AM** to be served upon **Trucking by Faith LLC** at **2219 Bridier Street, Jacksonville, Duval County, FL 32206**.
On the **30th day of July, 2021 at 11:53 AM, I, David Braxton, SERVED Trucking by Faith LLC at 2219 Bridier Street, Jacksonville, Duval County, FL 32206** in the manner indicated below:

**CORPORATE SERVICE**, by personally delivering **1** copy(ies) of the above listed documents to the named Corporation, by serving **JOHN DOE**, on behalf of said Corporation.

THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
**WHO REFUSED TO GIVE NAME, PERSON IN CHARGE, who accepted service in accordance with social distancing requirements (placed the documents in a clearly visible place at least six feet away from the subject and advised the subject to retrieve them after stepping away), a gray-haired black male approx. 55-65 years of age, 5'8"-5'10" tall and weighing 160-180 lbs with a goatee.**

Service Fee Total: **$135.00**

Per U.S. Code § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | | | |
|---|---|---|---|
| NAME: | | 293 | |
| David Braxton | *David Braxton* | Server ID # | Date |

**CIPRIANI & WERNER, P.C.**
By: Grant C. Wright, Esquire (Attorney ID# 020342008)
155 Gaither Drive, Suite B
Mt. Laurel, NJ 08054
(856) 761-3800 (phone)
*Attorney for Defendants, Trucking by Faith, LLC and Lonnie Johnson*

| | |
|---|---|
| BELA LOWY,<br><br>                        Plaintiff,<br><br>    vs.<br><br>LONNIE JOHNSON and TRUCKING BY<br>FAITH, LLC,<br><br><br>                Defendants. | SUPERIOR COURT OF NEW JERSEY<br>UNION COUNTY<br>LAW DIVISION<br><br>DOCKET NO.: UNN-L-002463-21<br><br>CIVIL ACTION<br><br>**ORDER** |

        **THIS MATTER** having been brought before the Court on Motion of Cipriani & Werner,

P.C., Grant C. Wright, Esq., appearing, attorneys for Defendants, Lonnie Johnson and Trucking

by Faith, LLC, for an Order quashing the service of the summons and complaint purportedly

made on Defendants, and the Court having considered the supporting papers and for good cause

being shown;

        **IT IS ON THIS**        day of NOVEMBER, 2021;

        **ORDERED** that service of process of the summons and complaint on Defendants,

Lonnie Johnson and Trucking by Faith, LLC, is hereby **QUASHED** due to improper service of

process; and it is further

        **ORDERED** that a copy of this Order shall be deemed served upon all counsel of record

with filing of this Order on the New Jersey Courts online e-filing system;

**IT IS FURTHER ORDERED** that service of this Order shall be deemed effectuated upon all parties upon its upload to eCourts. Pursuant to Rule 1:5-1(a), movant shall serve a copy of this Order on all parties not served electronically within seven (7) days of the date of this Order.

_____
_____
, J.S.C.

❑ Opposed

❑ Unopposed

| | |
|---|---|
| BELA LOWY,<br><br>                       Plaintiff,<br><br>    vs.<br><br>LONNIE JOHNSON and TRUCKING BY<br>FAITH, LLC,<br><br><br>                Defendants. | SUPERIOR COURT OF NEW JERSEY<br>UNION COUNTY<br>LAW DIVISION<br><br>DOCKET NO.: UNN-L-002463-21<br><br>CIVIL ACTION |

---

### BRIEF IN SUPPORT OF DEFENDANTS, LONNIE JOHNSON AND TRUCKING BY FAITH, LLC'S, MOTION TO QUASH SERVICE

---

**CIPRIANI & WERNER, P.C.**
**1565 Gaither Drive**
**Suite B**
**Mt. Laurel, New Jersey 08054**
gwright@c-wlaw.com
*Attorneys for Defendants,*
*Lonnie Johnson*
*and Trucking by Faith, LLC*

*Of Counsel and On the Brief:*
Grant C. Wright, Esq.

**PRELIMINARY STATEMENT**

This matter arises from an alleged motor vehicle accident Plaintiff, Bela Lowy, contends occurred on April 26, 2021. Plaintiff alleges he was driving his vehicle at or near the intersection of Route 1-9 and Park Avenue in Union County when a vehicle leased by Defendant, Trucking by Faith, LLC, and driven by Defendant, Lonnie Johnson, made contact with his vehicle. Plaintiff is seeking compensation from Defendants.

At all times relevant to this litigation Defendant, Lonnie Johnson, is and was a resident of the State of Florida. At all times relevant to this litigation Defendant, Trucking by Faith, LLC, is and was a foreign corporation with its principal place of business in Jacksonville, Florida. The New Jersey Legislature has enacted legislation detailing the procedure for the service of process on nonresidents and foreign entities whose vehicles are involved in accidents on the roads and highways of the State of New Jersey. See N.J.S.A. 39:7-2 (hereinafter also referred to as "the statute"). The statute dictates that service of such situated defendants be made upon, and through, the Director of the Division of Motor Vehicles.

Plaintiff failed to abide by the statutory requirements when attempting to serve Lonnie Johnson and Trucking by Faith, LLC (hereinafter jointly "Moving Defendants"). He instead chose to serve Moving Defendants by some means other than that set forth in the statute. Plaintiff offers no good cause for failing to abide by the statute, and made no application to this Court, per the undersigned's knowledge, for an alternate means of service on Moving Defendants.

Plaintiff's failure to adhere to statutory requirements resulted in defective service. The failure to serve Moving Defendants properly, per legislative mandate, is fatal as it divests the Court of any authority to adjudicate claims and defenses asserted in the litigation. As a result of the

1

above, and as more fully set forth below, the only proper remedy is to quash service on Moving

Defendants and require that they be served properly as the statute requires.

## LEGAL ARGUMENT

### POINT I

### NEW JERSEY STATUTE 39:7-2 DICTATES THE PROPER MANNER OF SERVICE ON DEFENDANTS

The New Jersey Legislature codified the manner by which nonresidents and foreign

corporations must be served in litigation arising out of motor vehicle accidents occurring within

the State. The applicable statute explicitly states, in pertinent part, that

> Any person, not being a resident of this State, who shall drive a
> motor vehicle in this State…and…any corporation or association
> not incorporated under the laws of this State…who by his, their or
> its agent or servant, shall cause to be driven in this State, any motor
> vehicle…shall…make and constitute the Director of the Division of
> Motor Vehicles…his or their agent for the acceptance of process in
> any civil action or proceeding, issuing out of the Superior
> Court…against any such person or persons, corporation or
> association arising out of or by reason of any accident or collision
> occurring within this State…

See N.J.S.A. 39:7-2.

In a related subsection, the Legislature sets forth the manner in which service is to be made

on the Director as agent of the nonresident or foreign entity. The plaintiff is to leave "the original

and a copy of the summons and two copies of the complaint," with the appropriate fees, with the

Director, or a designated member of the Director's office. See N.J.S.A. 39:7-3. Service may be

made on the Director in person, through delivery by the Sheriff of the county in which the action

was started, or any other authorized serving entity. See N.J.S.A. 39:7-3.

The Director, or a designee of the Director's office, must then serve the nonresident defendant and/or foreign entity. See N.J.S.A. 39:7-3. The Director, or a designated member of that office, must then file with the court clerk an affidavit of service with the requisite proofs. *Ibid.* Notice of service may be made upon the foreign defendant either in person, by the Director or a designated member of the Director's office, or by other means deemed acceptable by the court. See N.J.S.A. 39:7-3(b) – (d).

The courts of this State have been explicit in their rulings that in the absence of proper service on a foreign defendant under the statute, they have no jurisdiction to adjudicate. See *Zander v. Martine*, 66 N.J.Super. 310, 317 (C.Ct.1961) (In order for the court to have jurisdiction over the proposed defendants there must be service *in compliance with the statute*). (Emphasis added). In the absence of compliance with the statute, not only do courts not have jurisdiction over the matter, but defendants are denied due process. *Id.* at 317-318.

The affidavit of service on Defendant, Lonnie Johnson, filed by plaintiff's counsel constitutes an admission by counsel that service on Moving Defendants was not effected as required under the statute. The Legislature explicitly requires only two documents to be served on the Director to effect service: the summons and complaint. See N.J.S.A. 39:7-3. To shed light on any potential gray areas the Legislature explicitly stated that service of required copies of the summons and complaint upon the Director "shall be sufficient service upon the nonresident" once the Director completes those steps set forth for the office in the statute. See N.J.S.A. 39:7-3. In no subsection of N.J.S.A. 39:7-3 does the Legislature modify the "shall be sufficient" language with the caveat of "unless an affidavit of alternate service is provided." Thus, the attempted service by Plaintiff does not in any way excuse his failure to serve Moving Defendants in the manner required by statute.

Further, the statutory framework does not grant the Director any discretionary power to determine when the obligations of the office as agent of a foreign entity or nonresident are to be undertaken. The Legislature set forth, without equivocation, a step-by-step process to be followed when service is made upon a nonresident and/or foreign entity. Plaintiff followed none of those steps. Plaintiff instead sought to bypass the requirements of the statute and attempt to serve Moving Defendants as he saw fit. In doing so Plaintiff ignored the requirements of the statute.

The Legislature required that a plaintiff seeking to serve a nonresident or foreign entity in a manner other than that prescribed in N.J.S.A. 39:7-2 or 3 must seek leave from the court to make such substituted service. See N.J.S.A. 39:7-3(e). The undersigned is unaware of any motion seeking relief of substituted service. The docket does not reflect any such request for relief. Certainly, no order resulting from such a motion was provided by Plaintiff. In the absence of leave to deviate from the statutory requirements and effect service through a substituted means, the purported service upon Moving Defendants must be deemed improper and insufficient to grant this court jurisdiction over Moving Defendants.

## POINT II

### PLAINTIFF'S PURPORTED SERVICE OF THE SUMMONS AND COMPLAINT UPON MOVING DEFENDANTS MUST BE QUASHED.

Service of process "is inherently linked to the requirement that a court have personal jurisdiction over a defendant," and is intended to protect a defendant's due process rights. See generally *Rosa v. Araujo*, 260 N.J.Super. 458, 463 (App.Div.1992), *cert. den'd.*, 133 N.J. 434 (1993). Given the gravity of proper service, the requirements and rules of service of process "must be strictly complied with." See *Driscoll v. Burlington-Bristol Bridge Co.*, 8 N.J. 433, 493 (1952),

*cert. den'd.*, 344 U.S. 838 (1952). Any defect in service is "fatal," and leaves the court without jurisdiction. *Id.* Any exercise of power to the detriment of a defendant not properly served violates said defendant's due process rights. See generally *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80, 2018 (1988).

Plaintiff's purported service upon Moving Defendants was defective. Per counsel's own filing, Plaintiff failed to serve the nonresident and foreign entity Moving Defendants as expressly set forth by the Legislature and codified at N.J.S.A. 39:7-2. The affidavit purporting to confirm service as filed by Plaintiff's counsel is a patent admission that all the requisite precepts triggering the requirements of N.J.S.A. 39:7-2 and 3 are present. It also expressly admits that Plaintiff failed to follow those requirements. Plaintiff offers no proof of due diligence or justification for deviating from the requirement for statutory service on out-of-state of defendants.

The precepts as to proper service form the foundation of our jurisprudence. One of the cornerstones of that foundation is the requirement that a party against whom redress is sought be appropriately brought under the jurisdiction of the court through proper service of process. The rules and requirements governing said service must, in the words of our State Supreme Court, be strictly complied with, and noncompliance must be deemed fatal to jurisdiction.

Plaintiff made no small, technical error in his purported service of Moving Defendants. Plaintiff eschewed an entire statutory framework and chose to use his own method of service. Finding that Plaintiff's error is not fatal to this Court's jurisdiction over Moving Defendants, sets a dangerous precedent from which plaintiffs will free to ignore not only the court rules, but also uncontroverted statutory mandates in attempting to prosecute claims against unwitting and unprotected defendants.

For the reasons set forth above, service of process on Moving Defendants must be quashed, and Plaintiff must be required to serve Moving Defendants as prescribed in N.J.S.A. 39:7-2 and 3.

## **CONCLUSION**

For those reasons set forth above, the undersigned, on behalf of Moving Defendants, respectfully requests that the Court enter an Order quashing service upon Moving Defendants, and requiring Plaintiff to effect service as required by N.J.S.A. 39:7-2 and 3.

Respectfully submitted,

**CIPRIANI & WERNER, P.C.**

By: Grant C. Wright
GRANT C. WRIGHT, ESQ.
*Attorneys for Defendants,*
*Lonnie Johnson and Trucking by Faith, LLC*

Date: October 8, 2021

**CIPRIANI & WERNER, P.C.**
By: Grant C. Wright, Esquire (Attorney ID# 020342008)
155 Gaither Drive, Suite B
Mt. Laurel, NJ 08054
(856) 761-3800 (phone)
*Attorney for Defendants, Trucking by Faith, LLC and Lonnie Johnson*

| | |
|---|---|
| BELA LOWY,<br><br>      Plaintiff,<br><br>vs.<br><br>LONNIE JOHNSON and TRUCKING BY FAITH, LLC,<br><br>      Defendants. | SUPERIOR COURT OF NEW JERSEY<br>UNION COUNTY<br>LAW DIVISION<br><br>DOCKET NO.: UNN-L-002463-21<br><br>CIVIL ACTION<br><br>**CERTIFICATION OF SERVICE** |

I, GRANT C. WRIGHT, an adult of full age and capacity, hereby certify as follows:

1.  I am a Partner with the law firm of Cipriani & Werner, P.C., counsel for Defendants, Lonnie Johnson and Trucking by Faith, LLC, in the above-captioned matter.

2.  On Friday, October 8, 2021, I caused to be filed the within Notice of Motion and supporting papers via e-file with the Court.

3.  On Friday, October 8, 2021, I caused a copy of the filed moving papers to be deposited in the regular mail, within a U.S. Post Office receptacle, to be forwarded to the Chambers of Hon. Daniel Lindemann.

4.  On Friday, October 8, 2021, I caused a copy of the filed moving papers to be deposited in the regular mail, within a U.S. post Office receptacle, to be forwarded to Kevin J. Ryan, Esq. at 900 Broad Street, Suite 403, New York, NY 10004.

I hereby certify that the foregoing statements made by me are true and that if they are willfully false, I am subject to punishment.

*Grant C. Wright*
**GRANT C. WRIGHT**

Dated: October 8, 2021